UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **EXPERIENCE INFUSION CENTERS, LLC** | § § § | |
| **Plaintiff** | § § | |
| **v.** | § § | **CIVIL ACTION NO._____** |
| **BLUE CROSS AND BLUE SHIELD** | § § § § § § | |

## COMPLAINT

Plaintiff, EXPERIENCE INFUSION CENTERS, LLC ("EIC"), by and through its attorney of record, files this Complaint against Defendant, BLUE CROSS BLUE SHIELD OF TEXAS ("BCBS"), and shows as follows:

### I. FACTS COMMON TO ALL COUNTS

1. Plaintiff, Experience Infusion Centers, LLC (hereinafter "Plaintiff" or "EIC") is an Infusion Pharmacy which is licensed to practice in the state of Texas.

2. EIC brings this action pursuant to healthcare plans directly insured and/or administered by BCBS. The plans at issue permit subscribers to obtain healthcare services from facilities such as EIC that have not entered into contracts with BCBS (referred to as "out-of-network," "non- participating" or "non-par" providers). BCBS is required under the terms of its healthcare contracts to pay benefits promptly for such out-of-network services based on the particular BCBS plan and/or policy.

3. Except for the ERISA exempt self-funded benefit plans and the non-ERISA fully-insured plans, the healthcare benefit plans at issue in this case are governed by the applicable

provisions of ERISA, 29 U.S.C. § 1001 et seq. These ERISA benefit/insurance plans are interpreted by the plan administrators. The employee-members pay a part of the cost of the insurance. For each plan alleged herein, the employee member is entitled to certain benefits, which includes the right to go to out-of-network providers such as EIC for treatment of an illness and to obtain reimbursement for such treatment.

4. EIC requires all BCBS/Employer beneficiaries, members, and subscribers to sign documents before infusion services begin whereby the employee-member or subscriber agrees to be personally responsible for all EIC's charges. Through these documents, EIC obtains an assignment of benefits that makes EIC the beneficiary of the ERISA plans and the non-ERISA insurance contracts. EIC does not waive a deductible or co-payment by the acceptance of the assignment. Because of this assignment of benefits, EIC has standing to sue BCBS under all insured contracts for plan benefits and under ERISA.

5. In addition to an assignment of benefits under BCBS or Employers' plans or insurance contracts, the documents signed by each EIC patient also includes an assignment of all legal or administrative claims and causes of action arising under any group health plan, employee benefits plan, or health insurance plan. This assignment transfers and conveys all rights to pursue extra-contractual claims that relate to the medical services provided. Each assignment signed by EIC's patients specifically includes an assignment of ERISA breach of fiduciary duty claims as well as all other legal and/or administrative claims connected to the healthcare rendered by EIC to the patient regardless of whether the claim sounds in tort or in a statutory violation. Thus, this assignment gives EIC standing to sue BCBS for ERISA violations and for other extra-contractual causes of action governed by Texas law that originally belonged to the BCBS beneficiaries/members/subscribers who are or were patients of EIC.

6. EIC performed infusion therapy on a lengthy list of patients, which includes but is not limited to: Vanessa Outlaw, Susan Bunker, Christine Macalla, Johnnie Daniel, Nancy Schwiening, Jackson Hayter, Barbara Trebino, Jennifer Johnson, Kaylyn Self, and Dedra Rayford (Patients") on from 2011-2019 who were, at that time, members of or insured by a health insurance policy issued by Defendant, Blue Cross Blue Shield of Texas (hereinafter "Defendant" or "BCBS"). This is but an example of the consolidated list of patients which EIC provided services for and sent claims to BCBS, which will be shown through exhibits at a later date.

7. EIC sought payment from BCBS for infusion therapy ("Services") performed for Patients under BCBS's Plan or self-funded plan.

8. EIC was a non-participating provider of services in that it did not have a contract with BCBS to accept agreed upon rates for services provided to the Patient. The Services provided to the Patient were "out of network" Services under the BCBS's policy and/or plan providing coverage to the Patient.

9. Prior to rendering the Services to the Patient, EIC called BCBS to confirm that the Patient had out-of-network benefits for the services that were to be provided by EIC.

10. All of the Services provided to the Patient were medically necessary and appropriate for the Patient according to recognized medical standards.

11. The terms of Defendants insurance agreements or plans were controlled by the laws and/or Regulations of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. Sec. 1101, et seq.

12. EIC received from Patients a Designation of Authorized Representative and an assignment of benefits with rights including to bring appeals and an action on the Patient's behalf.

13. The Designation of Authorized Representative provides that EIC may receive all. The benefits of Patient's policy and the Assignment of Benefits expressly authorized EIC as to

represent the Patient in appeals to the Defendant.

14. EIC submitted a claim to Defendant for Services.

15. The claim was received by BCBS.

16. EIC rendered services and sent invoices to Defendants, which were not paid.

17. EIC filed numerous claims to BCBS based on the assignment of benefits of services provided for the patients, but to no avail. The claims were denied by BCBS, unjustly, for services rendered by Plaintiff stating numerous reasons for said denial.

18. Furthermore, recoupments were made against subsequent patients for previous patients who were overpaid on their claims, yet BCBS states no valid reason for said recoupments nor showed proof of such overpayment.

19. BCBS also engaged in several other improper and abusive practices. For example, EIC repeatedly attempted to get an explanation from BCBS about why it was claiming overpayments. Virtually every time EIC got an EOB wherein BCBS "self-helped" with a recoupment, someone from EIC would contact BCBS asking about the basis for the alleged overpayment. However, BCBS frequently did not provide an explanation at all.

20. BCBS's failure to pay, or threats not to pay, for healthcare services performed by EIC to BCBS insureds are acts of coercion and intimidation. The practice of intentionally under-paying out-of- network providers is nothing new to BCBS.

21. Insured Patients received written denials and forwarded said letters to EIC.

22. Plaintiffs have satisfied the prerequisite to the commencement of this action.

23. Plaintiffs have demanded payment on the claim asserted by them for services rendered to Patient by EIC under Patients' policies with BCBS and BCBS has failed and refused to make payment of the remaining $42,310,609.45. Plaintiffs have demanded payment of the claims due and owing to Plaintiffs under the Defendant's insurance plans covering the

Patients and $6,332,359.56 of that claim remains unpaid and was denied without valid basis.

## COUNT I

### (Violation of ERISA section 502(a))

24. Plaintiffs repeat, reiterate and realign each and every allegation contained in foregoing paragraphs with the same force and effect as if set forth more fully at length herein.

25. This Count arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1101 et seq.

26. The plan under with Patient is entitled to coverage is an ERISA plan, it is administered and operated by Defendant, in the alternative, that the Defendant is the administrator and fiduciary of the plan actual and/or de facto, under ERISA.

27. Defendant is the administrator and fiduciary in relation to the matters set forth herein because, *inter alia*, it exercises discretionary authority and/or discretionary control respecting management of the plan under with Patient is entitled to benefits, which benefits Patients assigned to EIC.

28. Defendant's fiduciary functions include, inter alia, preparation and submission of explanation of benefits, determinations as to claims for benefits and coverage decisions, oral and written communications with EIC concerning benefits to Patients under the plans, and coverage, handling, management, review, decision making and disposition of appeals and grievances under the plan.

29. EIC received a valid assignment of benefits from the Patients which had "out of network benefits" for infusion therapy under their plans or insurance agreements with or administered by BCBS which the Patients assigned to EIC, inter alia, the individual Patients' right to receive payment directly from BCBS for the Services that the Patient received from EIC. The Patients authorized EIC to represent them in any appeals of the denied claims.

30. The Assignment of Benefits signed by the Patients for the dates of service provides that EIC is to receive the benefits due Patient.

31. As a beneficiary under Section 502(a) of ERISA, 29 U.S.C. § 1132(a)(l)(B), EIC is entitled to recover benefits due to it (and/or benefits due to the Patient), and to enforce rights (and/or the rights of the Patient) under ERISA law and/or the terms of the applicable plans/policies.

32. EIC has standing to bring this action against Defendant under ERISA because a health care provider to whom a patient assigns benefits has standing to sue as a "beneficiary" under Section 502(a) of ERISA, 29 U.S.C. § Il32(a)(l)(B).

33. Alternatively, EIC has standing to bring this action against Defendant under ERISA because despite EIC's status as an out-of-network provider standing in the 'shoes of the patient' as a beneficiary, Plaintiff does not seek benefits from the plan itself; EIC seeks payment for services rendered to the patient who was covered by the plan for such medical expenses towards the benefit of the beneficiaries welfare. EIC has been assigned the right to pursue such claims for services rendered, not for the benefits themselves which are bestowed to said beneficiaries of the plan itself.

34. The Patient is a defined beneficiary under Section 502(a) of ERISA, 29 U.S.C. § 1 132(a) (1). As described more fully in the Facts Common to All counts herein, BCBS made determinations regarding the payment and withholding of payments of benefits to the Plaintiffs that violate the terms of the applicable ERISA plan.

35. BCBS acted as a fiduciary to its beneficiaries, including EIC as assignee, because BCBS exercised discretion in determining whether plan benefits would be paid, and/or the amounts of plan benefits that would be paid, to those plan beneficiaries. As a fiduciary under ERISA, BCBS is subject to a civil action under § 502(a) of ERISA. In violation of ERISA, BCBS failed to make payments of benefits to EIC as assignee, as required under the terms of the plans between the patients and BCBS. In further violation of ERISA, BCBS failed to provide EIC as assignee with

all rights under the terms of the plan between the patients and BCBS, as required by ERISA. BCBS failed to make clear to EIC as an assignee its rights to future benefits under the terms of the plans between the patients and BCBS, as required by ERISA.

36. BCBS breached the terms of the plans, by making claim determinations that had the effect of reimbursing less than the stated percentage of their provider's actual charges without valid evidence or information to substantiate such determinations and/or in an arbitrary fashion.

37. As a proximate result of Aetna's wrongful acts, EIC has been damaged in the amount in excess of the jurisdictional limits of this Court.

38. Plaintiff has sought payment of benefits under the applicable plan in the estimated amount of $55,544,856.26 and Defendant has paid EIC $12,035,743.17, leaving an outstanding balance of $42,310,609.45 remaining.

39. The denial of Plaintiffs' claim is unsupported by substantial evidence, erroneous as a matter of law, not made in good faith, is arbitrary and capricious and is in violation of ERISA.

40. Plaintiff is entitled to recover their reasonable attorneys' fees and costs of action pursuant to 29 U.S.C. § Il32 (g), et seq. and other provisions of ERISA as applicable.

41. The denial of Plaintiffs claims for the remaining $42,310,609.45 for services provided by EIC has not been adequately explained by BCBS either to the Patient or to EIC. The amount paid to date is not the usual and customary charge.

42. The "usual and customary charge" is the "usual and customary charge" in a given geographical area.

43. The compensation paid to Plaintiffs by Defendant for EIC's services is far below the usual and customary fees in Texas for the services provided.

44. BCBS's actions in the way they handled the appeals was in violation of ERISA regulations and BCBS never provided the required and requested documents.

45. As a direct and proximate result of BCBS's actions, Plaintiffs have been damaged.

## COUNT 2

### (BCBS's Violations of Claims Procedure Under ERISA)

46. EIC incorporates by reference the preceding paragraphs. This cause of action applies to all instances where BCBS recouped prior payments made against employer-sponsored ERISA plans.

47. BCBS is an insurance company that is subject to regulation under the insurance laws of more than one state, including the State of Texas. Further, BCBS processes benefit claims for self- funded plans providing claims filing and notices of decisions to policyholders in such plans.

48. BCBS is an insurance company and must comply with claims procedures defined by law (e.g., 29 CFR § 2560.503-1) for subscribers and members. EIC is therefore entitled to seek additional relief if an insurance company failed to comply with federal law. 29 U.S.C. § 1132(a)(3).

49. BCBS violated these claims procedure regulations by engaging in conduct that rendered its claims procedures and appeals process unfair to subscribers and their assignee.

50. As a proximate result of its violation of such regulations, EIC has been harmed in an amount in excess of the jurisdictional limits of this Court.

## COUNT 3

### (Breach of Contract)

51. EIC incorporates by reference the preceding paragraphs. This cause of action applies to all policies or plans that are not covered by ERISA.

52. BCBS is liable to EIC for breaches of contracts with its insureds. As explained more fully above, EIC was assigned valid contractual rights held by EIC's patients who received infusion services. These contractual rights are defined by the terms of the individual insurance

contracts or benefit plans. EIC has outlined the terms of these contracts in the factual allegations above and has provided specific examples of such. Generally these insurance contracts provide a benefit that is equal to a percentage of the reasonable and customary charge for EIC's infusion services – between 50% and 100% of reasonable and customary charge depending on the terms of the specific plan or policy.

53. EIC and/or the patients fully performed the terms of the contract by faithfully paying their portion of the insurance premiums, but BCBS breached by not paying the claims as required by the contracts. For all the recoupments that occurred on the policies and plans described herein, BCBS breached the contractual provisions requiring payment of a benefit to the insured/member when they initially paid but then sought and obtained recoupment against a different and valid claim. EIC was damaged by these breaches. As the beneficiary of an assignment of claims and benefits, EIC is entitled to damages breach of contract damages and attorney's fees.

## COUNT 4

### (Fraud)

54. EIC incorporates by reference the preceding paragraphs.

55. BCBS intentionally made material misrepresentations of fact which were intended to induce EIC to act and which did induce EIC to act in reliance on such misrepresentations. Such false representations include BCBS's repeated statements that certain claims submitted by EIC were payable by BCBS when, in fact, BCBS never intended to allow EIC to keep such payments. EIC relied on these representations to its detriment and now seeks recovery for such reliance damages.

## **ATTORNEY'S FEES**

56. EIC incorporates by reference the preceding paragraphs.

57. Pursuant to ERISA § 17.41, Tex. Bus. & Comm. Code, § 38.001, et seq., Tex. Civ. Prac. & Rem. Code, and Fed. R. Civ. P. 54(c), EIC is entitled to the award of attorney's fees.

## PRAYER

**WHEREFORE**, Plaintiff respectfully request the following relief:

a. Judgment be entered in favor of Plaintiff and against Defendant in the amount of $42,310,609.45 due and owing as benefits under the Patient's applicable plan, plus interest, to compensate Plaintiffs for the erroneous denial of benefits under the plan; or

b. Judgment be entered against Defendant in favor of Plaintiffs for $25,000 per day from the date of the first appeal; and

c. Judgment be entered that BCBS's appeals process violated the ERISA regulations; and

d. Awarding Plaintiffs interest, attorneys' fees, costs of suit; and

e. Granting such other, further and different relief as to this Court may seem just, equitable and proper under the circumstances.

Dated: December 31, 2019.

Respectfully submitted,
**Kent Motamedi**
**Attorney At Law**
**10 Leisure Lane,**
**Houston, Texas 77024**
**(713) 817-0020 Telephone**
**motamedilaw@gmail.com Email**
**CO-COUNSEL**

**Anil Ali, P.C.**
**2245 Texas Drive Suite 300**
**Sugarland, Texas 77479**
**(713) 820-5504 Telephone**
**(713) 343-6064 Facsimile**
**CO-COUNSEL**

## **DESIGNATION OF TRIAL COUNSEL**

Please take notice that pursuant to the Federal Rules of Civil Procedure, the undersigned is designated as trial counsel in the above-captioned matter.

*/s/ Kent Motamedi*
Kent Motamedi

*/s/ Anil Ali*
Anil Ali