United States District Court
Southern District of Texas
**ENTERED**
April 29, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT   SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| Experience Infusion Centers, LLC, § | |
| § | |
| Plaintiff, § | |
| § | |
| versus § | Civil Action H-19-5040 |
| § | |
| Blue Cross and Blue Shield of Texas, et al., § | |
| § | |
| Defendants. § | |

## Opinion on Partial Dismissal

1. *Background.*

Experience Infusion Centers, LLC, specializes in infusion therapy in Houston. It has served patients covered by insurance from Blue Cross and Blue Shield of Texas. Infusion does not have a contract with BlueCross; it is an "out-of-network service provider."

From 2011 to 2019, Infusion says it serviced BlueCross patients. The patients were referred to Infusion by doctors in BlueCross's network. Infusion would confirm the cost of payment for services with BlueCross through a pre-authorization form. Patients signed a form that assigned to Infusion the benefits and the right to bring a civil action for disputed benefit costs.

Infusion says that BlueCross underpaid claims for treatment and recouped money it already paid to Infusion under the Employee Retirement Income Security Act (ERISA) plans and state funded health plans.

Infusion sued BlueCross under ERISA Sections 502(a)(1)(B), 502(a)(3), and 503.

It also brings state-law claims for: (a) breach of contract, (b) breach of the duty of good faith, (c) violations of Chapter 541 of the Texas Insurance Code, (d) negligent misrepresentation, (e) fraudulent inducement, and (f) promissory estoppel.

2. *Anti-Assignment Clause.*

BlueCross says that some of the ERISA plans prohibited assignments. It says that the Kinder Morgan, JSW Steel, and Community Health Systems Plans had anti-assignment clauses. Because assignments were prohibited, BlueCross says that Infusion lacks standing.

Infusion already dismissed the patients whose plans prohibited assignments. It is moot.

3. ERISA.

A. *Section 502(a)(1)(B).*

ERISA allows a beneficiary to sue if it is not given the promised benefits under the terms of a plan.[1] The law requires that Infusion pleaded the breached plan provisions.[2]

BlueCross says that Infusion does not state a claim for relief because it does not identify the plan terms that BlueCross might have breached.

Infusion says that courts do not always require the plan terms in the pleading.[3] It says that an exception exists if the medical provider lacks access to the plan documents because it is in possession of the insurer. In either case, Infusion says it pleaded the language discussing the reasonable and customary rates for out of network provider.

*Innova* recognizes the difficulty of providers to meet this pleading standard without access to the plan provisions. Infusion pleaded that the plan said that BlueCross would pay 60% of the reasonable and customary expenses. It adequately represented the terms at this point.

Infusion's Section 502 claim will survive.

---

[1] 29 U.S.C. 1132(a)(1)(B)

[2] *Innova Hosp. San Antonio, Ltd. P'ship v. Blue Cross & Blue Shield of Georgia, Inc.*, 892 F.3d 719 (5th Cir. 2018).

[3] *See MedARC, LLC v. Anthem Inc.*, 2021 WL 3477352 (N.D. Tex. July 9, 2021); *Texas General Hospital., LP, v. United Healthcare Services Inc.*, 2016 WL 3541828 (N.D. Tex. June 28, 2015).

B.     *Section 502(a)(3) - Breach of Fiduciary Duty.*

Medical providers may bring a claim for breach of fiduciary duty when no other remedy is available.[4]

BlueCross says that Infusion is already seeking relief under Section 502(a)(1)(B). It says this claim is duplicative.

Infusion says that it is asserting two different theories of liability. First, it says, under (a)(1) it is seeking benefit underpayment claims. Second, it says, under (a)(3), it wants the money that BlueCross improperly recouped from the plan.

Infusion cannot plead under both sections. It can recover the recoupment claim under (a)(1). Because another remedy is available, this claim is dismissed.

C.     *Section 503 - Full and Fair Review.*

Section 503 requires that an assignee of rights have a full and fair review of all claims denied or underpaid. Infusion says that BlueCross did not fairly notify it of the claim decisions.

BlueCross says that this section only imposes a duty of full and fair review on the employee benefit plan itself. BlueCross is an administrator, not a plan that gives benefits to employees.

Infusion did not respond to this argument. It is dismissed.

4.    *Conflict Preemption.*

Section 514(a) says that ERISA supercedes State law claims if it relates to a employee benefit plan.[5] A claim brought under ERISA is preempted when (a) the state law claim addresses an area of exclusive federal concern; and (b) the claim directly affects the relationship between the insured and insurer.[6]

---

[4] *Varity Corp. V. Howe*, 516 U.S. 489 (1996).

[5] 29 U.S.C. § 1144(a).

[6] *Access Mediquip LLC v. United Healthcare Insurance Company.*, 662 F.3d 376, 382 (5th Cir. 2011).

BlueCross says that state law claims arising from the plans governed by ERISA are preempted. It says that Infusion's negligent misrepresentation and fraudulent inducement claims are preempted because they relate to the plans. It says that both claims are based on the Plan's rate of payment.

BlueCross insists that the promissory estoppel claim is also preempted because it is based on the representations made about the plan.

Infusion says that the state law claims are not preempted because the misrepresentations are premised on promises made by BlueCross to Infusion aside from the plan. It says that the misrepresentations do not implicate the plan terms. It says that merely referring to the plan is insufficient to require preemption.[7]

Failing to pay or misrepresent benefits under an ERISA plan relates to the plan. Infusion says that the plan requires BlueCross to pay the usual and customary rate. It's claims rest on the ERISA plans.

Because analyzing the plan is necessary to resolve the negligent misrepresentation, fraudulent inducement, promissory estoppel, and breach of contract claims, it is preempted by ERISA.

5. *Breach of Good Faith and Fair Dealing.*

Infusion sued BlueCross for breach of good faith and fair dealing. A duty of good faith and fair dealing arises when a insurer and insured relationship exists. BlueCross says that this duty does not apply to a health benefits payor and third-party health care provider. It says that Texas law refused to impose this duty beyond an insurance company.[8]

Infusion says that it is suing as an assignee. It says that an assignee takes the rights of the assignor. It says that because the patients assigned their rights to Infusion, it is the "insured" in the insurance relationship.

---

[7] *Id.*

[8] *Hux v. S. Methodist University*, 819 F.3d 776, 781 (5th Cir. 2016).

The law disfavors extending the duty of good faith and fair dealing to a third-party health care provider.[9] Infusion is not owed a duty as the insured. The breach of good faith and fair dealing claim is dismissed.

6. *Chapter 541 of the Texas Insurance Code.*

Infusion sued BlueCross under Chapter 541 of the Texas Insurance Code for unfair or deceptive acts or practices. BlueCross says that the duties under Chapter 541 are not assignable. It also says that Infusion lacks standing as a third-party claimant.

Infusion says that it has standing to sue under the Texas Insurance Code because it brings this action directly – not as an assignee.

Infusion concedes that it is unable to bring a Texas Insurance Code claim as an assignee. Texas law says that third-party claimants lack standing against an insurance company for unfair and deceptive acts of the Texas Insurance Code.[10] The insured and insurer relationship was between BlueCross's patients and BlueCross – not Infusion.

Infusion lacks standing to bring a claim against BlueCross as a third-party. This claim is dismissed.

---

[9] *Id.*

[10] *Lasewicz v. Joyce Van Lines, Inc.*, 830 F. Supp. 2d 286, 292 (S.D. Tex. 2011).

7.  Conclusion.

Section 502(a)(3) Breach of Fiduciary Duty and Full and Fair Review claims are dismissed. The state-law claims for (a) negligent misrepresentation, (b) fraudulent inducement, (c) promissory estoppel, (d) breach of the duty of good faith, (e) violations of Chapter 541 of the Texas Insurance Code, and (f) breach of contract, are dismissed.

Section 502 (a)(1)(B) subsists. (95)

Signed on April 29, 2022, at Houston, Texas.

Lynn N. Hughes
United States District Judge