United States District Court
Southern District of Texas
**ENTERED**
May 28, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EXPERIENCE INFUSION CENTERS, LLC, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 4:19-cv-05040 |
| BLUE CROSS BLUE SHIELD OF TEXAS, | § § § | |
| Defendant. | § | |

## ORDER OF DISMISSAL

This is a healthcare dispute between a Texas pharmacy, Plaintiff Experience Infusion Centers, LLC, ("EIC"), and a health insurance provider, Defendant Blue Cross Blue Shield of Texas. Regrettably, from the time it was filed, Plaintiff has failed to efficiently manage or prosecute this case. Largely to blame is that since 2019, five different attorneys have appeared to represent EIC and withdrawn shortly thereafter. The delay in this case has been driven primarily by EIC's revolving door of counsel. Now pending before the Court is Blue Cross Blue Shield's Motion for Dismissal for Lack of Prosecution, (Dkt. No. 129). For the following reasons, Blue Cross Blue Shield's Motion is **GRANTED**.

I.   **BACKGROUND**

EIC filed this lawsuit in December 2019. (Dkt. No. 1). In the years that this suit has been pending, two different issues have contributed to substantial delay—EIC's inability to keep counsel, and EIC's refusal to participate in discovery.

### A.     COUNSEL FOR EIC

Since this suit was filed, five different attorneys have made appearances as counsel for EIC and then withdrawn shortly after. EIC's first attorney, Kent Motamedi, filed a Motion to Withdraw in April 2020, as a result of a "conflict of interest" and "serious and irreparable personal disagreement and animosity" between counsel and EIC caused by EIC's "unresponsiveness" and intent "to delay the time and clock running against counsel." (Dkt. No. 21 at 1–7). The very next day, Anil Ali, co-counsel for EIC, also moved to withdraw from the case because of "irreconcilable differences" and concerns arising from the first attorney's withdrawal. (Dkt. No. 22 at 3, 5). After allowing EIC's original attorneys to withdraw, then presiding Judge Lynn Hughes made clear to EIC that failure to hire new counsel may result in dismissal of its case.[1]  (Dkt. No 23).

EIC followed Judge Hughes's instructions—but only briefly. A new attorney, S. Greg Rushing, appeared as counsel in May 2020, but then moved to withdraw less than two months later due to a breakdown in the attorney-client relationship because of EIC's failure "to meet non-financial obligations." (Dkt. No. 71). Next, EIC's fourth attorney, Timothy A. Bearb, made his appearance as counsel in August 2020 but moved to withdraw in April 2023 because of a "fundamental disagreement about how to proceed in the case" and "breakdown in communication" between counsel and EIC. (Dkt. No. 109).

---

[1]    EIC cannot proceed pro se because it is a corporation. In the Fifth Circuit, corporations are fictional legal persons who can only be represented by licensed counsel. *See, e.g., Sw. Express Co. v. Interstate Commerce*, 670 F.2d 53, 56 (5th Cir. 1982).

EIC's fifth and final attorney, Hector Longoria, appeared as counsel in May 2023. (Dkt. No. 114). However, Mr. Longoria moved to withdraw in January 2024, citing a "fundamental disagreement" with EIC "about how to proceed in the case and a "breakdown in communication" between Mr. Longoria and EIC "regarding legal obligations related to the case." (Dkt. No. 124 at 6–7).

### B.   ONGOING DISCOVERY DISPUTE

The second reason for delay in this case has been EIC's unwillingness to participate in discovery. In June 2023, the Court entered a Scheduling Order, (Dkt. No. 118), requiring EIC to produce a claims list—i.e., a list of benefit claims put at issue by the Second Amended Complaint, (Dkt. No. 93). EIC had three months to comply with the Court's Scheduling Order. (Dkt. No. 118). However, when EIC's President encountered health problems, Blue Cross Blue Shield agreed to extend the deadline an additional two months, to early November 2023. Despite the extension, EIC has yet to turn over the claims list.

Following EIC's failure to turn over the claims list (among other things), Blue Cross Blue Shield sought Court intervention. Namely, Blue Cross Blue Shield filed a Motion to Compel, (Dkt. No. 124), seeking an order for EIC to produce the claims list and addressing other unresolved discovery requests. EIC had until March 2024 to file a response to the Motion and failed to do so. To date, EIC has not opposed the Motion.

## C.    MARCH 21 HEARING

The Court set a hearing for March 21, 2024, to address both: (1) Mr. Longoria's request to withdraw and (2) EIC's failure to participate in discovery. (Dkt. No. 128). Blue Cross Blue Shield, Mr. Longoria, and EIC's President all attended the hearing.

At the hearing, the Court first granted Mr. Longoria's request, allowing him to withdraw. (Mar. 21, 2024, Docket Minute Entry). However, after allowing Mr. Longoria to withdraw, the Court made one thing especially clear to EIC's President—without an attorney, the case would be dismissed. The Court made sure there was no confusion on this point:

> **THE COURT:**    This case is old. 2019. You are the Plaintiff, right.
>
> . . .
>
> What I am leaning towards doing is giving you an additional 30 days to find a lawyer, and make an appearance. And after that time, I will be receptive to any motions to dismiss this case based on the fact that you cannot prosecute it.
>
> Do you understand?
>
> **EIC:**    I do.
>
> **THE COURT:**    Do you have any problems with that?
>
> **EIC:**    I don't.

(March 21 Hearing, 2:11:24 – 2:12:28). And again later, the Court reiterated:

> **THE COURT:**    Mr. Longoria, you are no longer counsel of record. That means Experience Infusion Center, LLC, the sole plaintiff in this case, is not represented. (To EIC) You've got 30 days to get a new lawyer, to April 21, I should say. And if not, your case is very likely to be dismissed. Alright?

4

**EIC:**            Okay.

(March 21 Hearing, 2:14:24 – 2:14:42).

April 21, 2024, has come and gone, and no new attorney has made an appearance on behalf of EIC. And with no attorney of record to represent EIC, Blue Cross Blue Shield's Motion to Compel has gone unanswered. Blue Cross Blue Shield has now filed its Motion to Dismiss for Lack of Prosecution, (Dkt. No. 129). EIC has not responded.

## II.   LEGAL STANDARD

Under Rule 41(b), "a defendant may move to dismiss the action or any claim against it" "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b); *see also Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). This authority is derived from "the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31, 82 S.Ct. 1386, 1389 (1962). Such dismissals are subject to appellate review solely for abuse of discretion. *Beard v. Experian Info. Sols. Inc.*, 214 F.App'x. 459, 461–62 (5th Cir. 2007).

## III.   DISCUSSION

Blue Cross Blue Shield insists that because EIC has filed to prosecute its case, dismissal is proper under Rule 41(b). The Court agrees.

EIC's case warrants dismissal under Rule 41(b) for two independent reasons. First, EIC has struggled to maintain counsel from the outset. At the March 21 hearing, the Court granted Mr. Longoria's request to withdraw, meaning that EIC has now employed

5

five different attorneys, all of whom have withdrawn because of problems the attorneys have had with EIC. Also at the March 21 hearing, the Court made clear to EIC that, without legal counsel, it could not proceed. Yet, the 30 days given by the Court to EIC to search for counsel is now past, and EIC remains unrepresented. With no counsel on record to prosecute EIC's claims, dismissal is proper. Second, EIC's refusal to engage in discovery also warrants dismissal. This case was filed nearly five years ago, and EIC has yet to disclose the claims list—the most basic and essential information for Blue Cross Blue Shield's defense.

While Blue Cross Blue Shield requests dismissal with prejudice, the Court declines to go that far. After all, dismissal with prejudice for failure to comply with a court order should be a last resort, and "[l]esser sanctions such as fines or dismissal without prejudice are usually appropriate." *Bryson v. United States*, 553 F.3d 402, 403 (5th Cir. 2008).

## IV. CONCLUSION

In sum, EIC has been given ample opportunity to comply with Court orders and litigate its case yet has consistently failed to do so. Blue Cross Blue Shield's Motion to Dismiss is **GRANTED**. EIC's claims are **DISMISSED WITHOUT PREJUDICE**. The Clerk of Court is **ORDERED** to close the case.

It is SO ORDERED.

Signed on May 28, 2024.

_____
**DREW B. TIPTON**
**UNITED STATES DISTRICT JUDGE**